```
                    UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                            WESTERN DIVISION

                         Case No. 5:20-cv-64
```

```
PAULA C. AUSTIN,                  )
                                  )
            Plaintiff,            )
                                  )
     v.                           )
                                  )         COMPLAINT
STANDARD INSURANCE COMPANY,       )
                                  )
            Defendant.            )
```

NOW COMES Plaintiff Paula C. Austin ("Mrs. Austin"), by and through counsel, complaining of violations of The Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 et seq. by Defendant Standard Insurance Company ("Standard"), and alleges and says as follows:

### I.  PARTIES

1. Plaintiff Mrs. Austin is a natural person who resides in Raleigh, Wake County, North Carolina.

2. Defendant Standard, upon information and belief, is a corporation organized and existing under the laws of Oregon, maintains its principal office in Portland, Oregon, and conducts business in the State of North Carolina.

## II. JURISDICTION

3. Jurisdiction is conferred upon and vested in this Court under and by virtue of ERISA, 29 U.S.C. §1132(a)(1)(B) and (e)(1).

## III. VENUE

4. Venue for this cause is proper pursuant to 29 U.S.C. §1132(a)(1)(B) and (e)(1).

## IV. FACTS

5. Mrs. Austin is the owner and insured of a long-term disability insurance policy number # 648209-C (the "Policy"), which Defendant Standard issued, upon information and belief, in 2011. A copy of the Policy is attached hereto as **Exhibit A**.

6. At the time Mrs. Austin purchased the Policy through the time she became disabled, she was employed by Allscripts Healthcare Solutions, Inc. ("Allscripts").

7. The Policy provides for the payment of long-term disability benefits when a policyholder becomes disabled.

8. Mrs. Austin became disabled and stopped working at Allscripts on or about November 5, 2016.

9. Defendant Standard initially approved Mrs. Austin's claim for long-term disability benefits based on its "Own Occupation Definition Of Disability."

10. Under this definition of "disabled," Mrs. Austin had to demonstrate that she was "unable to perform with reasonable continuity the Material Duties of [her] Own Occupation." Policy, page 7 (**Exhibit A**).

11. On or about May 31, 2019, the definition of "disabled" in Defendant Standard's Policy changed to an "Any Occupation Definition Of Disability", which states, in pertinent part:

> **You are Disabled** from all occupations if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, **you are unable to perform with reasonable continuity the Material Duties of Any Occupation**.
>
> **Any Occupation means any occupation or employment** which you are able to perform, whether due to education, training, or experience, **which is available at one or more locations in the national economy and in which you can be expected to earn at least 66 2/3% of your Indexed Predisability Earnings** within twelve months following your return to work, regardless of whether you are working in that or any other occupation.

Policy, page 8 (**Exhibit A**)(emphasis added).

12. Since November 5, 2016, Mrs. Austin has been and continues to be "totally disabled" within the meaning of the Policy because of her multiple medical problems.

3

13. The medical documentation and work information provided to Defendant Standard demonstrated that due to Mrs. Austin's medical condition, she was and remains unable to perform <u>any</u> full-time job, even sedentary work.

14. Moreover, Defendant cannot point to any job that Mrs. Austin can perform with a salary of more than "60% of [her] indexed monthly earnings," as it must to meet the definition of a "gainful occupation" in <u>the Policy</u>, page 8 (**Exhibit A**).

15. Mrs. Austin, since November 5, 2016 has been "disabled" within the meaning of the <u>Policy</u>, and, therefore, is entitled to monthly long-term disability benefits as provided in the <u>Policy</u> since that time.

16. Nonetheless, Defendant, after receiving Mrs. Austin's medical documentation, all of which substantiate the medical basis for her disability, **<u>denied</u>** her long-term disability benefits in a February 10, 2020 letter to the undersigned counsel. A copy of the letter is attached hereto as **Exhibit B**.

17. The letter states: "Your client has the right to file suit under Section 502(a) of the Employee Retirement Income Security Act ..." <u>Id</u>. p. 7.

4

18. Mrs. Austin has completed Defendant Standard's internal review process; this case is now ripe for review in federal court.

## V. FIRST CAUSE OF ACTION
### (ERISA, 29 U.S.C. § 1132(a)(1)(B))

19. All of the allegations of the preceding paragraphs are incorporated by reference as if fully restated herein.

20. Defendant Standard has violated ERISA by refusing to pay Mrs. Austin her benefits under the Policy; Mrs. Austin is entitled to recover benefits and to enforce her rights under the terms of the Policy, to reimbursement of the premiums she paid to Defendant since she became "totally disabled," and to clarify her rights to future benefits under the terms of the Policy pursuant to 29 U.S.C. § 1132(a)(1)(B).

21. Mrs. Austin is entitled to monthly benefits and to recover from Defendant all unpaid benefits owing since about November 5, 2016, which is a sum in excess of $25,000.00, plus interest at the legal rate.

22. Pursuant to 29 U.S.C. § 1132(g), Mrs. Austin is entitled to recover reasonable attorney's fees and other costs of this action.

WHEREFORE, Mrs. Austin prays to the Court for the following relief:

1. A judgment against Defendant Standard in an amount in excess of $25,000.00;
2. Issuance of a permanent injunction enjoining Defendant Standard to commence payment to Mrs. Austin of her monthly benefits under the Policy;
3. Interest on said judgment at the legal rate until paid;
4. Reasonable attorney's fees and other costs of suit pursuant to 29 U.S.C. § 1132(g); and
5. Such other and further relief as this Court shall deem just and proper.

Date: February 21, 2020.   SCHILLER & SCHILLER, PLLC

By: /s/ David G. Schiller
David G. Schiller
(N.C. Bar No. 26713)
304 East Jones Street
Raleigh, NC 27601
Telephone: (919) 789-4677
Facsimile: (919) 789-4469
Email: David@SchillerFirm.com

Attorney for Plaintiff